IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERRELL E. NEWMAN, | ) | 4:13CV3097 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MIKE MYERS, Director of Douglas | ) | |
| County Correction, | ) | |
| | ) | |
| Defendant. | ) | |

On July 19, 2013, the court dismissed this matter and entered Judgment against Plaintiff because he failed to pay the court's initial partial filing fee by the court's July 5, 2013, deadline. (Filing Nos. 7 and 8.) However, Plaintiff did indeed make a payment of $100.00 on July 5, 2013, and that payment was not docketed due to an administrative error. On July 26, 2013, the court updated its records to show that Plaintiff paid the initial partial filing fee. (*See* Docket Sheet.) In light of this administrative error, and on its own motion, the court re-opens this matter and now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I. **SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on May 7, 2013, against Mike Myers, "Director of Douglas County of Correction." (Filing No. 1 at CM/ECF pp. 1-3.) Plaintiff is currently confined in the Douglas County Department of Corrections in Omaha, Nebraska. (*Id*. at CM/ECF pp. 1, 13.)

Condensed and summarized, Plaintiff alleges that on April 15, 2013, he was placed in administrative confinement for allegedly making inappropriate comments to a staff nurse. (*Id*. at CM/ECF p. 3.) Plaintiff states that staff had him confused

with a different inmate and wrote the report incorrectly. (*Id*.) On April 19, 2013, the Douglas County Department of Corrections Disciplinary Hearing Committee found Plaintiff guilty of "lewd conduct" and sanctioned him with 30 days of "Disciplinary Isolation." (*Id*. at CM/ECF pp. 7-12.) On May 7, 2013, Plaintiff filed this matter asking the court for "immediate release from" administrative confinement to general population. (*Id*. at CM/ECF p. 3.)

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

**III.   DISCUSSION OF CLAIMS**

Liberally construed, Plaintiff alleges Defendants deprived him of the right to be a part of the general prison population without adequate due process.  The Due Process Clause by itself does not accord a prisoner a liberty interest in remaining in the general population.  *Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005).  Rather, prison officials must receive "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

Accordingly, the Eighth Circuit has held that an inmate "does not have a constitutional right to a particular prison job or classification."  *Sanders v. Norris*, 153 Fed. App'x 403, 404 (8th Cir. 2005); *Hartsfield v. Dep't of Corr.*, 107 Fed. App'x 695, 696 (8th Cir. 2004) (unpublished per curiam decision) (stating that inmate has "no liberty interest in a particular classification").  Thus, "[a]n inmate who makes a due process challenge to his segregated confinement must make a threshold showing that the deprivation of which he complains imposed an atypical and significant hardship."  *Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (internal quotations omitted); *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Moreover, the Eighth Circuit has consistently held that "administrative and disciplinary segregation are not atypical and significant hardships[.]"  *Portley-El*, 288 F.3d at 1065; *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship.").

Here, Plaintiff does not allege anything about his conditions of his confinement or that his confinement is imposing "an atypical and significant hardship."  Thus, Plaintiff has not alleged sufficient facts to meet the threshold requirement to

3

challenge his segregation status under the Due Process Clause and his claims are dismissed for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. The Clerk of the court is directed to re-open this matter.

2. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

3. This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted in accordance with 28 U.S.C. § 1915(e)(2).

4  A separate judgment will be entered in accordance with this Memorandum and Order.

5. The Clerk of the court is directed to place the "28USC1915(g)_STR" flag on this matter.

DATED this 31st day of July, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.